**Alan G. Dowling**
(California Bar No. 70686)
Email: agdowling@aol.com
**ALAN G. DOWLING, P.C.**
1043 Pacific Street, No. 1
Santa Monica, California 90405
Telephone: (818) 679-6395
Fax: (424) 238-5366
*Attorney for Plaintiff Alex Greggs,*
*professionally known as "Alex G"*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **Alexander John Greggs,** an individual professionally known as "Alex Greggs" and "Alex G"<br><br>Plaintiff,<br><br>vs.<br><br>**Ariana Grande-Butera**, an individual, professionally known as "Ariana Grande," **Pierre David Guetta**, an individual, professionally known as "David Guetta," **Savan Harish Kotecha**, an individual, professionally known as "Savan Kotecha," **Giorgio Hesdey Tuinfort**, an individual, professionally known as "Giorgio Tuinfort," **Rami Yacoub**, an individual, professionally known as "Rami," **Carl Anthony Falk**, an individual, professionally known as "Carl Falk," **Ilya Salmanzadeh**, an | Case No. **2:16-cv-06320**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT;**<br>**DEMAND FOR JURY TRIAL** |

individual, professionally known as "Ilya," **Kendji Maille**, an individual, professionally known as "Kendji Jirac", individually and in association with Ariana Grande-Butera, **Federico Leonardo Lucia**, an individual, professionally known as "Fedez," individually and in association with Ariana Grande-Butera, **What A Publishing, Ltd.,** a United Kingdom private limited company, **Shapiro, Bernstein & Co, Inc.,** a New York corporation, **Universal Music Group, Inc.,** a Delaware corporation also variously known as "Universal Music Group," "UMG" and "UMG Recordings, Inc.," **Republic Records**, a division of Universal Music Group, Inc., **UMG Recordings, Inc.,** a Delaware corporation, **Universal Music Distribution,** a unit of Universal Music Group, Inc., **Universal Music Distribution Services, Inc.**, a Delaware corporation, **Apple, Inc.,** a California corporation, sometimes doing business as "Apple ITunes," and **Does 1 through 10**, Inclusive,

Defendants.

Plaintiff Alexander John Greggs, professionally known as "Alex Greggs" and "Alex G" ("Plaintiff"), alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §101, *et seq.*

2

ALAN G. DOWLING, A PROFESSIONAL CORPORATION
Santa Monica, CA

2.     This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§1331, 1338(a) and 1367.  Specifically, the Court has *federal question* jurisdiction in this matter, in that Plaintiff seeks injunctive relief and damages against the Defendants named herein under Sections 501, 502, 503, 504 and 505 of the Copyright Act of 1976 (17 U.S.C. §501-505, inclusive);

3.     This Court has personal jurisdiction over each of defendants because each resides in, is domiciled in and/or does systematic and continuous business in the State of California and in this judicial district, various acts complained of herein occurred in the State of California and in this judicial district, and/or Defendants have caused injury to Plaintiff and to Plaintiff's intellectual property within the State of California and in this judicial district.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c), and/or §1400(a).

## THE PARTIES

### PLAINTIFF

5.     Plaintiff Alexander John Greggs, professionally known as "Alex Greggs" and "Alex G" ("Plaintiff"), is now and at all times material hereto was an individual citizen of the United States of America, residing at some relevant times in the States of California and Florida, and currently residing in Toronto, Ontario, Canada. At all times material hereto, Plaintiff has done business throughout the United States, and in this judicial district.  For many years, Plaintiff has been and is engaged in, among other things, the business of creating, composing, writing, producing, recording, mixing, remixing, acquiring, owning, publishing, licensing and/or otherwise exploiting numerous musical compositions and sound recordings, and the copyrights therein.

6.     Plaintiff has worked with some of the top names in pop, hip hop and

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

ALAN G. DOWLING, A PROFESSIONAL CORPORATION
SANTA MONICA, CA

electronic and dance music, and is known internationally.  His catalog includes hundreds of musical compositions.  Among the renowned artists for whom he has composed or co-authored musical compositions are Lady Gaga, Justin Timberlake, the late Michael Jackson, Janet Jackson, 'N Sync, M.I.A., Ricky Martin, JC Chasez, Brandy, T-Pain, Lil Jon, Ray J, South Rakkas Crew, Love Inc., Skye Stevens, Paris Hilton, and Keshia Chante. As a prolific producer and mixer, Plaintiff has worked with such artists as Christina Aguilera, the late Michael Jackson, Chris Brown, Beck, Duran Duran, Janet Jackson, Jessica Simpson, Britney Spears, Pink, Justin Timberlake, 'N Sync, Backstreet Boys, Beyonce, Alicia Keys, Cypress Hill, Depeche Mode, Def Leppard, Enrique Iglesias, Julio Iglesias, Fall Out Boy, Good Charlotte, T-Pain, M.I.A., Akon, Calvin Harris, Lily Allen, Tinie Tempah, Cheryl Cole and Will.I.Am, Jessie James, Soulja Boy, South Rakkas Crew, Love Inc., Skye Stevens, Tata Young, Tricky, Tiesto, A.D.D. (Audio Day Dream), and the 50th Anniversary Remixes of Bob Marley.  Plaintiff has also "ghost produced" for many of today's top DJ's.

## DEFENDANTS

7.   On information and belief, Defendant Ariana Grande-Butera, professionally known as "Ariana Grande" ("Ariana Grande"), is now and at all times material hereto has been an individual citizen of the United States of America, residing principally in the State of Florida. At all times material hereto, Ariana Grande has done business throughout the United States, including in this judicial district.  On information and belief, Ariana Grande was a co-author of, and a featured performer on, each of one or more sound recordings of a musical composition entitled "One Last Time," which musical composition was first registered with the U.S. Copyright Office, under registration number PA0001941577, effective January 28, 2015 (the "One Last Time Principal Composition" or "*One Last Time*").

4

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

8.      On information and belief, Defendant Pierre David Guetta, professionally known as "David Guetta" ("Guetta") is now and at all times material hereto has been an individual citizen of France, whose principal residence is presently unknown to Plaintiff.   At all times material hereto, Guetta has done business throughout the United States, including in this judicial district.   Guetta is a co-author of the One Last Time Principal Composition, and on information and belief Guetta was a co-author of, and performer on, each of one or more sound recordings of the One Last Time Principal Composition featuring the musical performance of Ariana Grande.

9.      On information and belief, Defendant Giorgio Hesdey Tuinfort, professionally known as "Giorgio Tuinfort" ("Tuinfort"), is now and at all times material hereto has been an individual citizen of The Netherlands, whose principal residence is presently unknown to Plaintiff.   At all times material hereto, Tuinfort has done business throughout the United States, including in this judicial district. Tuinfort is a co-author of the One Last Time Principal Composition, and on information and belief Tuinfort was a co-author of, co-producer of, and performer on, each of one or more sound recordings of the One Last Time Principal Composition featuring the musical performance of Ariana Grande.

10.      On information and belief, Defendant Carl Anthony Falk, professional known as "Carl Falk" ("Falk"), is now and at all times material hereto has been an individual citizen of Sweden, whose principal residence is presently unknown to Plaintiff.   At all times material hereto, Falk has done business throughout the United States, including in this judicial district.   Falk is a co-author of the One Last Time Principal Composition, and on information and belief Falk was a co-author of, producer of, and performer on, each of one or more sound recordings of the One Last Time Principal Composition featuring the musical performance of Ariana Grande.

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

11.    On information and belief, Defendant Rami Yacoub, professionally known as "Rami" ("Rami"), is now and at all times material hereto has been an individual citizen of Sweden, whose principal residence is presently unknown to Plaintiff.   At all times material hereto, Rami has done business throughout the United States, including in this judicial district.   Rami is a co-author of the One Last Time Principal Composition, and on information and belief Rami was a co-author of, producer of, and performer on, each of one or more sound recordings of the One Last Time Principal Composition featuring the musical performance of Ariana Grande.

12.    On information and belief, Defendant Savan Harish Kotecha, professionally known as "Savan Kotecha" ("Kotecha") is now and at all times material hereto has been an individual citizen of the United States of America, whose principal residence is presently unknown to Plaintiff.   At all times material hereto, Kotecha has done business throughout the United States, including in this judicial district.   Kotecha is a co-author of the One Last Time Principal Composition, and on information and belief Kotecha was a co-author of, co-producer of, and performer on, each of one or more sound recordings of the One Last Time Principal Composition featuring the musical performance of Ariana Grande.

13.    On information and belief, Defendant Ilya Salmanzadeh, professionally known as "Ilya" ("Ilya"), is now and at all times material hereto has been an individual citizen of Sweden, whose principal residence is presently unknown to Plaintiff.   At all times material hereto, Ilya has done business throughout the United States, including in this judicial district.   Ilya is a co-author of the One Last Time Principal Composition, and on information and belief Ilya was a co-author of, co-producer of, and performer on, each of one or more sound recordings of the One Last Time Principal Composition featuring the musical

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

performance of Ariana Grande.

14.    On information and belief, Defendant Kendji Maille, professionally known as "Kendji Jirac" ("Kendji") is now and at all times material hereto has been an individual citizen of France, whose principal residence is presently unknown to Plaintiff.   At all times material hereto, Kendji has done business throughout the United States, including in this judicial district.   On information and belief, Kendji is a co-author of, and featured performer on, each of one or more sound recordings of the One Last Time Principal Composition featuring the musical performance of Ariana Grande, including a French-language duet version by Kendji with Ariana Grande entitled "Attends-Moi" ("*Attends-Moi*"), and a co-author of the musical composition embodied in *Attends-Moi*, in so far as it is a derivative work based upon the One Last Time Principal Composition, with lyrics altered and/or translated into French, and music altered and/or added, as well.

15.    On information and belief, Defendant Federico Leonardo Lucia, professionally known as "Fedez" ("Fedez") is now and at all times material hereto has been an individual citizen of Italy, whose principal residence is presently unknown to Plaintiff.    At all times material hereto, Fedez has done business throughout the United States, including in this judicial district.   On information and belief, Fedez is a co-author of, and featured musical performer on, each of one or more sound recordings of the One Last Time Principal Composition featuring the musical performance of Ariana Grande, including an Italian-language version (the "One Last Time Italian Version"), and a co-author of the musical composition embodied in the One Last Time Italian Version in so far as it is a derivative work based upon the One Last Time Principal Composition, with lyrics altered and/or translated into Italian, and music (including without limitation rap vocals) altered or added, as well.

16.    On information and belief, Defendant What A Publishing, Ltd. ("What

7

Greggs v. Ariana Grande-Butera, et al.,
USDC, CD Cal, Case No. 2:16-cv-06320                    **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

A Publishing") Inc., is now and at all times material hereto was a private limited company duly organized and existing under and pursuant to the laws of the United Kingdom, with its principal place of business in London, England, but doing business in the United States of America either through or in conjunction with Defendant Shapiro Bernstein & Co., Inc., ("Shapiro Bernstein"), which is, on information and belief, a corporation duly organized and existing under and pursuant to the laws of the state of New York, with its principal place of business in New York, New York.   At all times material hereto, What A Publishing and Shapiro Bernstein have each done business throughout the United States, including in this judicial district.   On information and belief, What A Publishing is one of the publishers (if not the only publisher), and Shapiro Bernstein is either a co-publisher, sub-publisher, music publishing administrator or other form of licensee, of the One Last Time Principal Composition, and may also have rights with regard to the various derivative musical compositions described herein, based in whole or in part on the One Last Time Principal Composition, including without limitation the compositions embodied in the *Attends-Moi* and One Last Time Italian Version sound recordings.

17.    On information and belief, Defendant Universal Music Group, Inc. ("UMG") is now and at all times material hereto was a corporation duly organized and existing under and pursuant to the laws of the State of Delaware, with its principal place of business in Santa Monica, California, and qualified to do and doing business in the State of California. At all times material hereto, UMG has done business throughout the United States, including in this judicial district.   At various times, UMG has been variously known as "Universal Music Group," "UMG" and "UMG Recordings, Inc." On information and belief, UMG is the parent corporation of Defendant Republic Records, the record label on which the Ariana Grande recording of One Last Time was released and under whose auspices

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

Greggs v. Ariana Grande-Butera, et al.,
USDC, CD Cal, Case No. 2:16-cv-06320

8

COMPLAINT FOR COPYRIGHT INFRINGEMENT

the recordings of *Attends-Moi* and One Last Time Italian Version were released, and UMG was thus involved in the production, recording, release, use, licensing and other exploitation of the Ariana Grande recording of *One Last Time*, *Attends-Moi* and One Last Time Italian Version.

18.     On information and belief, Defendant Republic Records ("Republic") is now and at all times material hereto was division of UMG, with its principal place of business in Santa Monica, California.   At all times material hereto, Republic has done business throughout the United States, including in this judicial district.  Republic was involved in the production, recording, release, use, licensing and other exploitation of the Ariana Grande recording of *One Last Time*, *Attends-Moi* and One Last Time Italian Version.

19.     On information and belief, Defendant UMG Recordings, Inc. ("UMG Recordings") is now and at all times material hereto was a corporation duly organized and existing under and pursuant to the laws of the State of Delaware, with its principal place of business in Santa Monica, California, and qualified to do and doing business in the State of California. At all times material hereto, UMG has done business throughout the United States, including in this judicial district.  On information and belief, UMG is one of the entities through which UMG conducts its business as a record company, and was involved in the production, recording, release, use, licensing and other exploitation of the Ariana Grande recording of *One Last Time*, *Attends-Moi* and One Last Time Italian Version.

20.     On information and belief, Defendant Universal Music Distribution ("UMD"), is now and at all times material hereto was a unit of Universal Music Group, Inc., with its principal place of business in Santa Monica, California.  At all times material hereto, UMD has done business throughout the United States, including in this judicial district, and was one of the entities through which UMG conducts its business as a record company, and was involved in the release,

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

distribution, use, licensing and other exploitation of the Ariana Grande recording of *One Last Time*, *Attends-Moi* and One Last Time Italian Version. On further information and belief, UMD is in some manner, related to, affiliated with, or a predecessor or successor in interest to Defendant Universal Music Distribution Services, Inc. ("UMDS"), which is now and at all times material hereto was a corporation duly organized and existing under and pursuant to the laws of the State of Delaware, with its principal place of business in Santa Monica, California, and qualified to do and doing business in the State of California. At all times material hereto, UMDS has done business throughout the United States, including in this judicial district. On information and belief, UMDS is one of the entities through which UMG conducts its business as a record company, and was involved in the release, distribution, use, licensing and other exploitation of the Ariana Grande recording of *One Last Time*, *Attends-Moi* and One Last Time Italian Version.

21.    On information and belief, Defendant Apple, Inc., which sometimes does business under the name "Apple ITunes" ("Apple"), is now and at all times material hereto was a corporation duly organized and existing under and pursuant to the laws of the State of California, with its principal place of business in Cupertino, California, and qualified to do and doing business in the State of California. At all times material hereto, Apple has done business throughout the United States, including in this judicial district. On information and belief, Apple is one of the entities through which the other Defendants released, distributed, sold and exploited the Ariana Grande recording of *One Last Time*, *Attends-Moi* and One Last Time Italian Version.

22.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names (the "Doe Defendants"). On information and belief, each of the Doe Defendants is

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

liable to Plaintiff as a result of said Doe Defendant's participation in all or some of the acts hereinafter set forth, is responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein alleged were proximately caused by the acts or omissions of said Doe Defendant. Plaintiff will seek leave of Court to amend this complaint to state the true names and capacities of the Doe Defendants when they have been ascertained. The defendants specifically named in the caption set forth herein above and the Doe Defendants are referred to collectively herein as "Defendants."

23.     On information and belief, at all times relevant to this complaint, each of the Defendants was the agent, representative, employee, servant, partner, joint venturer and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency, representative capacity, employment, business relationship and/or alter ego relationship, with the knowledge and consent of the other Defendants, and each is liable to Plaintiff in connection with one or more of the claims sued upon herein and are responsible in some manner for the wrongful acts and conduct alleged herein.

## ALLEGATIONS COMMON TO ALL CLAIMS

24.     For many years, including at all times material hereto, Plaintiff has invested substantial sums of money, as well as time, effort, resources and creative talent, to create, produce, record, acquire, own, publish, license and otherwise exploit copyrighted musical compositions and copyrighted sound recordings, on Plaintiff's own behalf and/or on behalf of other songwriters and musicians.

25.     Plaintiff is a copyright owner, or licensee, assignee or owner of exclusive rights, under United States copyright law with respect to the copyrighted musical composition "Takes All Night" ("*Takes All Night*") which is the subject of a valid pending copyright registration with the Register of Copyrights, U.S.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

Copyright Office, Registration No. PA 1-970-910.

26.     Among the exclusive rights granted to Plaintiff under the Copyright Act (17 U.S.C. §106) with respect to the musical composition *Takes All Night* are the following:

a.     The right to *reproduce* the work in copies;

b.     The right to prepare *derivative works* based upon the work;

c.     The right to *distribute* copies of the work to the public by sale or other transfer of ownership, or by rental, lease or lending;

d.     The right to *perform* the work publicly;

e.     The right to *display* the work publicly; and

f.     The right, in the case of *sound recordings*, to perform the work publicly by means of a *digital audio transmission*.

27.     The named Defendants fall into several generic categories of participants in the creation, promotion, marketing, advertising, sale, publishing, use, licensing and other means of use and exploitation of the infringing musical compositions One Last Time Principal Composition, *Attends-Moi* and One Last Time Italian Version, and in the creation, production, recording, manufacturing, distribution, promotion, marketing, advertising, sale, publishing, use, licensing and other means of exploitation of Defendants' various sound recordings embodying said infringing musical compositions. They include:

a.     The joint authors of the One Last Time Principal Composition, i.e. Guetta, Tuinfort, Falk, Rami and Kotecha;

b.     The various producers and co-producers (i.e., Tuinfort, Falk, Rami, Kotecha and Ilya) of the sound recording of *One Last Time*, featuring performing artist Ariana Grande, released by Republic Records in and since 2014, as a "single" and as one of the "cuts" comprising the Ariana Grande record album "My Everything,"

c.      The artists who created and recorded the Ariana Grande recording of One Last Time, who, on information and belief, included Ariana Grande, Guetta, Tuinfort, Falk, Rami, Kotecha, and Ilya, likely in addition to others whose identities are not yet known to Plaintiff.

d.      The artists who performed with Ariana Grande on duet recordings of alternative versions of *One Last Time* released in Europe, including:  (a) Kendji, who, with Ariana Grande, released *Attends-Moi*, a French-language duet version of *One Last Time*—a derivative work-- principally in the market of France, Belgium and Switzerland, in 2015; and Fedez, an Italian rapper who, with Ariana Grande, released a version of One Last Time Italian Version—a derivative work— principally in the market of Italy, in 2015; and others involved in the creation, production and recording of those versions, whose identities are not yet known to Plaintiff, but who Plaintiff shall seek leave to name as defendants when their identities have been ascertained.

e.      The music publishing companies which publish and administer the music publishing rights in *One Last Time*, What A Publishing, Ltd., and Shapiro Bernstein & Co., Inc.;

f.      Republic (and the company of which it is a division, UMG Music Group, Inc.), the record company/companies that released and/or authorized all versions of *One Last Time*, including the Ariana Grande version, *Attends-Moi* and One Last Time Italian Version;

g.      Universal Music Distribution and Universal Music Distribution services, Inc., the affiliated or related distribution company through which Republic Records distributed *One Last Time*, and under whose auspices *Attends-Moi* and One Last Time Italian Version were allowed to be distributed; and

13

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

h.     Apple, the principal online distributor/seller/marketer/promoter of One Last Time in digital form, through its online "ITunes Store."

28.     At various points in the chain, the various Defendants infringed several of the forms of Plaintiff's rights recognized under 17 U.S.C. §106:

a.     Various Defendants have prepared unauthorized and unlawful *derivative works* based upon Plaintiff's copyrighted work, including the One Last Time Principal Composition, the Ariana Grande 2014-2015 sound recording of *One Last Time*, the duet composition and sound recording *Attends-Moi*, and the duet composition and sound recording One Last Time Italian Version.

b.     Defendants have *distributed* copies of the infringing works to each other and to the public pursuant to and by means of (a) manufacturing, reproduction, distribution, digital transmission, sale, publishing, use, licensing and other means of exploitation of the infringing works, including among other things in the form of record albums, "singles," digital files, music videos embodying performances of the sound recordings synchronized with visual motion picture images, published music (e.g., sheet music, lyrics, and the like), and so on;

c.     Defendants have entered into contracts and agreements between and among Defendants themselves and/or with third parties, for the licensing or granting rights of distribution and publication, and rights ancillary thereto, for the use and exploitation of the infringing works; and

d.     Ariana Grande, Kendji and Fedez, and others whose names are as yet unknown to Plaintiff, have *performed* Plaintiff's works publicly, in live performances, concert tours, and via televised, broadcast,

Greggs v. Ariana Grande-Butera, et al.,
USDC, CD Cal, Case No. 2:16-cv-06320

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

cablecast, electronically (also including wirelessly) transmitted, and "streamed," performances.

29.     Plaintiff has never consented to, permitted, authorized or ratified any of the foregoing acts by Defendants.

30.     The most immediately apparent similarities between the two songs, *Takes All Night* and *Once Last Time*, are embodied in the chorus of each, which also constitute the "hook," or catchy, memorable section of each song that lyrically coincides with the song title.  The choruses in the two songs use a similar melodic contour.  Although the rhythm of the two compositions may differ to accommodate the prosody of the lyrics, there is substantial similarity on the most important rhythmic placement of the pitches on strong melodic and harmonic beats (1 and 3), which are what the listener perceives as most definitive of melody and, to a lesser extent, the harmonic accompaniment to a given melody. The harmonic background remains the same in both songs for the entire sixteen measures of the chorus. Significantly, also, the introductions in both songs are based on the chorus sections.  In both songs, the introduction is based on the same notes in the scale (when both songs have been transposed to the same key). These pitches align on the important rhythmic beats.  Also notable is the use of a single four-measure musical phrase, based on a similar harmonic and melodic form in both works, as the material for both the verses and the choruses.  Other similarities in the two songs are evident in their tempo, the orchestration of the rhythmic accompaniment (including the timing of the introduction of drum beats on the start of the verse), the use of repetition and variation in the chorus section and with return to a direct statement of the first phrase at the end of a sixteen measure chorus, the use of contrasting "bridge material," the use of the lyric statement ""take(s) [or takeing] you home" as the final lyric statement, and the use of particular melodic pitches, their rhythmic placement, the pitch choices in the bass line, and the compositional

structure of the songs, including the use of the introductions, interludes, pre-chorus sections, and the orchestration of these various elements.  The combination of so many similar elements of these kinds, used in the similar manner in which they are used in the two songs, in the aggregate, evidences substantial similarity between the works to such a degree that it is evident that the infringing work(s), One Last Time Principal Composition, *Attends-Moi* and One Last Time Italian Version, are each based upon, derived from and copied, to a substantial degree, the infringed work, *Takes All Night*.

31.    Defendants, and in particular the authors of the One Last Time Principal Composition, had access to *Takes All Night*, that is, they had a reasonable opportunity to hear, view and copy *Takes All Night*, before the One Last Time Principal Composition and the various sound recordings thereof (or based thereon) were created.  *Takes All Night*, as recorded and successfully released worldwide by recording artist Skye Stevens in 2012, was widely disseminated, receiving widespread radio and television airplay, internet distribution (including YouTube), club play, and high rankings on various Billboard and other charts. Skye Stephens performed the song on tour and in live performances at festivals and in clubs throughout the United States and Canada in particular, and also appeared on numerous radio shows, in addition to promoting the song through social media. Moreover, the similarity between *Takes All Night* and *One Last Time* is so striking that it is highly likely the works were not created independently of one another.

32.    On or about June 30, 2016, Plaintiff sent notice to each of Defendants summarizing Plaintiff's claims asserted herein, and demanding the Defendants, and each of them, cease and desist any further unauthorized infringing activities, including among other things any ongoing manufacturing, distribution, promotion, marketing, advertising, sale, use, licensing or other exploitation, of any kind whatsoever, of the various infringing works.  Notwithstanding such notice and

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

demand, Defendants have continued to engage in all such activities, unabated.

33.    In engaging in the foregoing acts, Defendants thus violated Plaintiff's exclusive rights of creation of derivative works, distribution, and public performance, and thereby infringed Plaintiff's copyright and exclusive rights in Plaintiff's copyrighted musical composition *Takes All Night*.

34.    Each instance of infringement by each of Defendants of Plaintiff's copyright in *Takes All Night*, as alleged herein, constitutes a separate and distinct act of infringement.

35.    On information and belief, the aforesaid acts of infringement by Defendants have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

36.    As a direct and proximate result of Defendants' infringements of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to recover Plaintiff's actual damages and Defendants' wrongfully obtained profits arising from or relating to the infringement of Plaintiff's copyrighted musical compositions *Takes All Night*, pursuant to 17 U.S.C. §504(b).

37.    Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. §504(c), in the amount of as much as $150,000 with respect to each of Plaintiff's copyrighted musical composition *Takes All Night*, or such other amounts as may be proper under 17 U.S.C. §504(c).

38.    Plaintiff is further entitled to an award of its reasonable attorneys' fees and costs incurred in connection with this action, pursuant to 17 U.S.C. §505.

39.    Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §502, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyright in *Takes All Night*.

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

# FIRST CLAIM FOR RELIEF

## (Direct Copyright Infringement – Against All Defendants)

40.     Plaintiff realleges and incorporates herein by reference as if set forth at length each and all of the allegations set forth in Paragraphs 1 through 39, inclusive, herein above.

41.     Through the conduct alleged herein, Defendants and each of them have directly infringed Plaintiff's copyrights in Plaintiff's copyrighted musical composition *Takes All Night*, including the creation of the various derivative works and the infringing distribution, licensing, performances, and other uses and exploitations thereof, without Plaintiff's consent, permission, authorization or ratification, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §106 and 501.

# SECOND CLAIM FOR RELIEF

## (Contributory Copyright Infringement – Against All Defendants)

42.     Plaintiff realleges and incorporates herein by reference as if set forth at length each and all of the allegations set forth in Paragraphs 1 through 41, inclusive, herein above.

43.     Defendants have knowingly, systematically and materially contributed to, intentionally induced, and/or caused each other, among others, to infringe Plaintiff's copyrights in Plaintiff's copyrighted musical composition *Takes All Night*, copied and used in the various versions of *One Last Time* musical compositions and recordings identified herein, including by materially contributing to, intentionally inducing, causing, allowing or assisting in derivative works, distributions, licensing, public performances, and other uses and exploitations of the various versions of *One Last Time*, in various forms and by various means, without Plaintiff's authorization, in violation of Sections 106 et seq. and Section 501 of the Copyright Act, 17 U.S.C. §§ 106 et seq. and 501.  Defendants and each

18

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

Greggs v. Ariana Grande-Butera, et al.,
USDC, CD Cal, Case No. 2:16-cv-06320                    **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

of them knew, or in the exercise of reasonable diligence should have known, of the infringing nature of their acts relating to Plaintiff's copyrighted musical composition *Takes All Night*.

44.    The acts of Defendants alleged herein constitute contributory copyright infringement.

### THIRD CLAIM FOR RELIEF

(Vicarious Copyright Infringement – Against All Defendants)

45.    Plaintiff realleges and incorporates herein by reference as if set forth at length each and all of the allegations set forth in Paragraphs 1 through 44, inclusive, herein above.

46.    Defendants each had the right and ability to supervise and/or control the infringing conduct of Defendants Ariana Grande, Guetta, Tuinfort, Falk, Rami, Kotecha, and Ilya, among others, as the joint authors and joint producers of (and as the artists recording) *One Last Time*, in its various versions and forms, by insisting upon and verifying that adequate "clearance" documents and contracts (including without limitation copyright license agreements, synchronization license agreements, and the like) were executed by and with Plaintiff, from the outset, sufficient to authorize Defendants' acts.  All of the Defendants each likewise had the right and ability to supervise and/or control the infringing conduct of the individuals or entities who directly infringed Plaintiff's copyrighted works, as well as the infringing conduct of all others following those production Defendants in the chain of distribution, licensing, use and exploitation of the said infringing works, all the way down to the level of digital distribution and sale of the various versions of *One Last Time* to the general public via the Apple ITunes Store, the sale of compact disks, albums, singles and the like at wholesale and retail, the  performance of the various versions of *One Last Time* in live performance and over radio, television, and the Internet, via broadcast, cablecast, satellite transmission, "streaming" and

Greggs v. Ariana Grande-Butera, et al.,
USDC, CD Cal, Case No. 2:16-cv-06320                    **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

other means of electronic transmission, and by engaging in or continuing with distribution, licensing, use and exploitation of the infringing works without any of Defendants having first established that all necessary rights clearances and agreements evidencing proper, lawful authorizations had been obtained from Plaintiff.

47.     Defendants failed and refused to exercise such rights and ability to supervise and control the infringing conduct of others in the chain of creation, production, distribution and exploitation of the various versions of *One Last Time*. As a direct and proximate result of such failure and refusal, Plaintiff's copyrights in Plaintiff's copyrighted musical composition *Takes All Night* have been infringed, as aforesaid, including by unauthorized derivative works, distributions, and public performances, without authorization by Plaintiff, in violation of Sections 106 et seq. and Section 501 of the Copyright Act, 17 U.S.C. §§ 106 et seq. and 501.

48.     Defendants and each of them have derived a financial benefit from their own activities and from those of others in the chain of creation, production, distribution and exploitation of the infringing works.

49.     The acts and conduct of Defendants, as alleged herein, constitute vicarious copyright infringement.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants, as follows:

1.     For money damages in such amount as may be found, or as otherwise permitted by law, including without limitation Plaintiff's actual damages and recovery of Defendants' and each of their wrongfully gotten profits, or in the alternative, in Plaintiff's discretion and should Plaintiff so elect, statutory damages;

2.     For an accounting of, and the imposition of a constructive trust with respect to, Defendants' revenues, benefits and profits attributable to their

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

Greggs v. Ariana Grande-Butera, et al.,
USDC, CD Cal, Case No. 2:16-cv-06320                                    **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

infringements of Plaintiff's copyrights in the infringed Plaintiff's copyrighted musical composition *Takes All Night*.

3. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees, partners and assigns, and all persons acting in concert or participation with each of any of them, from directly or indirectly infringing, and/or causing, enabling, facilitating, encouraging, promoting, inducing and/or participating in the infringement of, any of Plaintiff's copyrights in Plaintiff's copyrighted musical composition *Takes All Night,* including without limitation an injunction against any future exploitation of the One Last Time Principal Composition, the Ariana Grande 2014-2015 sound recording of *One Last Time*, the duet composition and sound recording *Attends-Moi*, and the duet composition and sound recording One Last Time Italian Version.

4. For prejudgment interest according to law.

5. For Plaintiff's attorneys' fees, costs and disbursements in this action.

6. For such other and further relief in favor of Plaintiff as the Court may deem just and proper

Dated: August 23, 2016                Respectfully Submitted,

**ALAN G. DOWLING, P.C.**

By: /s/ Alan G. Dowling
**Alan G. Dowling**
(California Bar No. 70686)
**ALAN G. DOWLING, P.C.**
1043 Pacific Street, No. 1
Santa Monica, California 90405
Telephone: (818) 679-6395
Fax: (424) 238-5366
Email: agdowling@aol.com
*Attorney for Plaintiff Alexander John Greggs*

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
Santa Monica, CA

1

## __DEMAND FOR JURY TRIAL__

2

3

4

5

    Plaintiff hereby demands a trial by jury on all issues so triable under or

pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh

Amendment to the United States Constitution.

6

7

Dated: August 23, 2016                Respectfully Submitted,

8

**ALAN G. DOWLING, P.C.**

9

10

By:  /s/ Alan G. Dowling
**Alan G. Dowling**
(California Bar No. 70686)
**ALAN G. DOWLING, P.C.**
1043 Pacific Street, No. 1
Santa Monica, California 90405
Telephone: (818) 679-6395
Fax: (424) 238-5366
Email: agdowling@aol.com
*Attorney for Plaintiff Alexander John Greggs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALAN G.
DOWLING, A
PROFESSIONAL
CORPORATION
SANTA MONICA, CA

Greggs v. Ariana Grande-Butera, et al.,
USDC, CD Cal, Case No. 2:16-cv-06320

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**